2016-2006

In The

# United States Court Of Appeals For The Federal Circuit

**HALO ELECTRONICS, INC.,**

*Plaintiff-Appellee,*

**v.**

**PULSE ELECTRONICS, INC., fka Pulse Engineering, Inc., PULSE ELECTRONICS CORPORATION, fka Technitrol, Inc.,**

*Defendants-Appellants.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA CASE NO. 2:07-CV-00331-APG-PAL
JUDGE ANDREW P. GORDON

# BRIEF OF APPELLANTS

Mark L. Hogge
Shailendra K. Maheshwari
Rajesh C. Noronha
Nicholas H. Jackson
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

*Counsel for Appellants*

GibsonMOORE Appellate Services
206 East Cary Street ❖ P.O. Box 1460 (23218) ❖ Richmond, Virginia 23219
(804) 249-7770 ❖ www.gibsonmoore.net

## CERTIFICATE OF INTEREST

Lead counsel for Appellants Pulse Electronics, Inc. and Pulse Electronics

Corporation certifies the following:

1. The full name of every party or amicus represented by me is:

   Pulse Electronics, Inc. and Pulse Electronics Corporation

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Pulse Electronics, Inc. and Pulse Electronics Corporation

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Pulse Electronics, Inc. operates as a subsidiary of Pulse Electronics Corporation. Pulse Electronics Corporation is a direct, wholly owned subsidiary of OCM PE Holdings, L.P., a wholly owned indirect subsidiary of Oaktree Capital Group LLC (NYSE: OAK).

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

**Attorneys for Appellants Pulse Electronics, Inc. and Pulse Electronics Corporation**
Mark L. Hogge
Email: mark.hogge@dentons.com
Shailendra K. Maheshwari
Email: shailendra.maheshwari@dentons.com
Rajesh C. Noronha
Email: rajesh.noronha@dentons.com
Nicholas H. Jackson
Email: nicholas.jackson@dentons.com
**DENTONS US LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1102
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

David E. Sipiora
Email: dsipiora@kilpatricktownsend.com
Brian R Harrow
Email: bharrow@kilpatricktownsend.com
John D. Cadkin
Email: jcadkin@kilpatricktownsend.com
Jordan B. Olsen
Email: jolsen@kilpatricktownsend.com
Kristopher L. Reed
Email: kreed@kilpatricktownsend.com
Matthew Holohan
Email: mholohan@kilpatricktownsend.com
**KILPATRICK TOWNSEND AND STOCKTON LLP**
1400 Wewatta Street
Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

Edward J. Benz, III
**TOWNSEND & TOWNSEND & CREW LLP**
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Kelly A. Evans
Email: kevans@swlaw.com
Paul Swenson Prior
Email: sprior@swlaw.com
**SNELL & WILMER LLP**
3883 Howard Hughes Pkwy
Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

Ana Marie Janus
1210 N. Brook Dr., #410
Trevose, PA 19053

/s/ Mark L. Hogge
Mark L. Hogge

*Counsel for Defendants-Appellants*
*Pulse Electronics, Inc. and*
*Pulse Electronics Corporation*

Date: July 5, 2016

# TABLE OF CONTENTS

**Page:**


CERTIFICATE OF INTEREST ........ i

TABLE OF CONTENTS ........ iv

TABLE OF AUTHORITIES ........ vii

STATEMENT OF RELATED CASES ........ x

I. JURISDICTION ........ 1

II. STATEMENT OF THE ISSUES ........ 1

III. STATEMENT OF THE CASE ........ 2

A. Introduction. ........ 2

B. The Prior Proceedings. ........ 5

IV. SUMMARY OF THE ARGUMENT ........ 7

V. ARGUMENT ........ 10

A. Standard of Review ........ 10

B. The District Court Committed Legal Error By Considering and Granting Halo's Untimely Request for An Award of Prejudgment Interest. ........ 12

1. After the Final Judgment Was Entered, Halo Missed the Deadline to Seek Prejudgment Interest under Fed. R. Civ. P. 59(e). ........ 12

2. Halo Has Not Shown That Fed. R. Civ. P. 60 Applies In This Case to Permit An Award of Prejudgment Interest. ........ 15

3. The District Court's Award of Prejudgment Interest to Halo, By Promoting Multiple Appeals, Was Prejudicial to Pulse. ........ 15

4. The District Court Committed Legal Error Since It Lacked Any Discretion to Consider Halo's Untimely Request for Prejudgment Interest. .......... 17

C. The District Court Committed Legal Error in Ignoring the History and Posture of the Case to Grant Halo's Request for Prejudgment Interest. .......... 17

1. Halo Expressly Waived Its Right to Seek Prejudgment Interest When It Pursued An Award of Costs, But Not Prejudgment Interest, Shortly After Trial. .......... 17

2. Halo Brought Its Appeal as an Appeal from a Final Judgment, Without Mentioning Any Need for an Accounting; This Court Accepted Jurisdiction Over an Appeal from a Final Judgment. .......... 18

3. Only After Its Appeal Was Complete, and Halo Was Seeking Prejudgment Interest in the District Court, Did Halo Falsely Claim That Its Appeal Had Been From An Interlocutory Judgment. .......... 20

4. The District Court Committed Legal Error by Treating Its Final Judgment As If It Were an Interlocutory Judgment to Award Halo Prejudgment Interest. .......... 25

D. If Halo Is Awarded Prejudgment Interest, The Court Should Correct the Manner of Calculation of Such Interest. .......... 25

1. The Nevada State Statute is Not the Proper Statute to Apply In This Case. .......... 26

2. The Nevada State Statute is Not Meant to Be Used with Compounded Interest. .......... 26

E. Because the District Court's Order Contains No Reasoning for the Grant of Halo's Motion, This Court Should, At a Minimum, Vacate and Remand. .......... 28

VI. CONCLUSION AND STATEMENT OF RELIEF SOUGHT .......... 29

ADDENDUM

Order
Granting Halo's Motion for an Accounting of Supplemental Damages and Interest and to Compel Production
filed April 6, 2016 .......................................................... Appx000001

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:** **Page(s):**

*Blankenship v. Liberty Life Assurance Co. of Boston*,
486 F.3d 620 (9th Cir. 2007) ....................26

*Callaway Golf Co. v. Acushnet Co.*,
576 F.3d 1331 (Fed. Cir. 2009) ....................23

*In re Calmar, Inc.*,
854 F.2d 461 (Fed. Cir. 1988) ....................23

*Charles G. Williams Const., Inc. v. White*,
271 F.3d 1055 (Fed. Cir. 2001) ....................28

*DDR Holdings, LLC v. Hotels.com, LP*,
773 F.3d 1245 (Fed. Cir. 2014) ....................12

*Dishman v. UNUM Life Ins. Co. of Am.*,
269 F.3d 974 (9th Cir. 2001) ....................15

*Finjan, Inc. v. Secure Computing Corp.*,
626 F.3d 1197 (Fed. Cir. 2010) ....................10

*Frederick v. Department of Justice*,
73 F.3d 349 (Fed. Cir. 1996) ....................10

*FujiFilm Corp. v. Motorola Mobility LLC*,
Case No. 12-cv-03587-WHO,
2016 WL 1622877 (N.D. Cal. Apr. 25, 2016).................... 13-14

*Gen. Motors Corp. v. Devex Corp.*,
461 U.S. 648, 103 S. Ct. 2058, 76 L. Ed. 2d 211 (1983) ....................11

*Gyromat Corp. v. Champion Spark Plug Co.*,
735 F.2d 549 (Fed. Cir. 1984) ....................27

*Jurgens v. McKasy*,
905 F.2d 382 (Fed. Cir. 1990) ....................13

*Koyo Seiko Co. v. United States*,
36 F.3d 1565 (Fed. Cir. 1994) ....................10

*Letenyei v. Dept. of Transp., FAA*,
735 F.2d 528 (Fed. Cir. 1984) ....................................................................28

*McCalla v. Royal MacCabees Life Ins.*,
369 F.3d 1128 (9th Cir. 2004) ..........................................................12, 14, 16

*McKeague v. United States*,
788 F.2d 755 (Fed. Cir. 1986) ....................................................................29

*National Presto Industries, Inc., v. West Bend Co*.,
76 F.3d 1185 (Fed. Cir. 1996) ....................................................................10

*Nystrom v. Trex Co., Inc.*,
339 F.3d 1347 (Fed. Cir. 2003) ..............................................................11, 22

*O2 Micro Intern. Ltd. v. Monolithic Power Sys.*,
420 F. Supp. 2d 1070 (N.D. Cal. 2006)........................................................14

*Oster v. Standard Ins. Co.*,
768 F. Supp. 2d 1026 (N.D. Cal. 2011)........................................................14

*Osterneck v. Ernst & Whinney*,
489 U.S. 169 (1989)...............................................................................13, 16

*Ramparts, Inc. v. Fireman's Fund Insurance Company*,
Case No. 2:09-cv-00371-RLH-LRL,
2011 WL 3667506 (D. Nev. Aug. 22, 2011)................................................13

*Rite Hite Corp. v. Kelley Co., Inc.*,
56 F.3d 1538 (Fed. Cir. 1995) (*en banc*), *cert. denied*,
516 U.S. 867 (1995)........................................................................................7

*Robert Bosch, LLC v. Pylon Mfg. Corp*.,
719 F.3d 1305 (Fed. Cir. 2013) (*en banc*)....................................................23

*Torres v. Goodyear Tire & Rubber Co.*,
317 P.3d 828 (2014) .......................................................................................27

*Transmatic, Inc. v. Gulton Industries, Inc*.,
180 F.3d 1343 (Fed. Cir. 1999) ....................................................................11

*Trilogy Commc'ns., Inc. v. Times Fiber Commc'ns., Inc.*,
109 F.3d 739 (Fed. Cir. 1997) .......... 11

*Van Asdale v. Int'l Game Tech.*,
763 F.3d 1089 (9th Cir. 2014) .......... 6

**Statutes:**

28 U.S.C. § 1292 .......... *passim*

28 U.S.C. § 1295 .......... *passim*

28 U.S.C. § 1338(a) .......... 1

28 U.S.C. § 1961 .......... 26

35 U.S.C. § 284 .......... 17

Nev. Rev. Stat. § 17.130 .......... 3, 7, 26, 27

**Rules:**

Fed. R. Civ. P. 6(b) .......... 7, 8, 17

Fed. R. Civ. P. 59 .......... *passim*

Fed. R. Civ. P. 60 .......... *passim*

## STATEMENT OF RELATED CASES

Pursuant to Fed. Cir. R. 47.5, counsel for Appellants Pulse Electronics, Inc. and Pulse Electronics Corporation states that there have been two prior appeals to this Court in this case – Nos. 2013-1472 and 2013-1656 – and that an appeal in the former case was taken to the U.S. Supreme Court in Case No. 14-1513, in which an opinion was issued on June 13, 2016 that vacated a decision of this Court and remanded the case.

## I. JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1338(a). The district court issued its final judgment on May 28, 2013. (Appx3057.) Over two years later, on June 9, 2015, Appellee Halo Electronics, Inc. ("Halo") filed a Motion for an Accounting of Supplemental Damages and Interest and to Compel Production of Further Financial Information (Appx3902-37 (hereinafter, "Halo's Motion").) On April 6, 2016, the district court issued a final order granting the motion. (Appx1-2 (hereinafter, the "Order").) Appellants Pulse Electronics, Inc. and Pulse Electronics Corporation (collectively, "Pulse") timely appealed on May 5, 2016. (Appx4086-91.) This Court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. STATEMENT OF THE ISSUES

1. Whether the district court committed legal error and should be reversed for awarding Halo prejudgment interest where (a) Halo failed to timely move for such an award after final judgment was entered by the district court, and (b) in a prior post-judgment appeal, Halo made representations to this Court indicating that it regarded the district court's judgment as final, without any mention to this Court that Halo wished to seek prejudgment interest.

2. If Halo's request for prejudgment interest is not barred as untimely, whether the district court's award of prejudgment interest to Halo was an abuse of discretion in (a) applying a Nevada state statute to ascertain the proper interest rate

to calculate prejudgment interest, and (b) using compounded interest to calculate the amount of prejudgment interest using the Nevada statute.

## III. STATEMENT OF THE CASE

### A. Introduction.

The current proceedings are pursuant to a final judgment (Appx3057) entered on May 28, 2013 by the U.S. District Court for the District of Nevada after a jury trial was conducted and a verdict was reached. Earlier that day, the district court also entered an order setting forth its findings of fact and conclusions of law "on the legal and equitable claims and defenses remaining after trial." (Appx3057; Appx4181-206.) Accordingly, there was a single trial in this matter, where liability and damages were addressed together, and a final judgment on all issues was entered.

Halo did not file a motion under Fed. R. Civ. P. 59(e) to alter or amend the final judgment of May 28, 2013 to request an award of prejudgment interest.

With the district court having entered its final judgment, the parties identified issues for appeal and filed their respective appeals to this Court. By all accounts at the time, the appeals were made pursuant to a final judgment, with the Federal Circuit's jurisdiction over the appeals based on 28 U.S.C. § 1295(a)(1). For example, in its opening appeal brief, filed on December 20, 2013, Halo stated, "This Court . . . has jurisdiction over the appeal and the cross-appeal pursuant to 28 U.S.C. § 1295(a)(1)." (Appx5017). Likewise, Pulse filed its appeal expressly

acknowledging that this Court's appellate jurisdiction was based on Section 1295(a)(1). (Appx5195.) The Court, in its October 22, 2014 Opinion and Judgment that affirmed the district court on all issues appealed, also recognized that it had jurisdiction over the appeals under Section 1295(a)(1). (Appx5473.)

On June 9, 2015 – more than two years after entry of final judgment – Halo filed in the district court a Motion for an Accounting of Supplemental Damages and Interest and to Compel Production of Further Financial Information ("Halo's Motion") (Appx3902-37.)[1] In that motion, Halo sought, *inter alia*, an award of prejudgment interest on the damages awarded in the judgment two years earlier, with interest to be calculated at the interest rate directed in a Nevada state statute – Nev. Rev. Stat. Ann. § 17.130(2).

In its June 26, 2015 response to Halo's motion, Pulse argued that Halo was not entitled to an award of prejudgment interest because the Court had entered a final judgment on May 28, 2013, and Halo needed to have filed a motion to alter or amend that judgment under Fed. R. Civ. P. 59(e) to request any additional award of damages (*e.g.*, prejudgment interest). (Appx3947-49.) Accordingly, Halo's motion requesting an award of prejudgment interest was due on or before June 25, 2013.

---

[1] Halo's Motion was not made to Judge Philip M. Pro, who had originally heard the case and had presided at trial, but had since retired. Instead, the Motion was made to Judge Andrew P. Gordon, who was newly assigned to the case.

Halo had waited nearly two years too long to make its request. Accordingly, Halo had waived any right to an award of prejudgment interest, and the district court had no discretion as a matter of law to grant Halo such an award.

Faced with overwhelming case law showing that Halo was time-barred by Federal Rule of Civil Procedure 59(e), Halo falsely represented in its July 6, 2015 reply brief that Halo had appealed to the Federal Circuit pursuant to 28 U.S.C. § 1292(c)(2) – dealing with interlocutory decisions – and that damages including prejudgment interest were still to be determined. (Appx3963-65.) Absent from that reply brief was any mention of the fact that Halo had actually appealed to the Federal Circuit from a final judgment under the final judgment jurisdiction statute – Section 1295 – and that the Federal Circuit asserted Section 1295 as the basis of its jurisdiction. When confronted with its misrepresentation at the motion hearing, Halo characterized its error as a mere oversight, repeating its assertion that Section 1292 applied, stating:

> [I]n our papers to the [F]ederal [C]ircuit we mention 1295. That was an oversight on my part. We should have said it was 1292(c)(2) and as we were looking back at this motion, we thought about it and realized that, in fact, it should have been 1292(c)(2). And the fact that, you know, we said 1295 in our papers versus 1292(c)(2) doesn't change the fact that the [F]ederal [C]ircuit did have jurisdiction under 1292(c)(2) and it properly exercised jurisdiction under that section. And, you know, no one was really disputing jurisdiction to the Court of Appeals so the issue wasn't really joined, but to the extent there's any confusion, it's my fault and we apologize for it.

(Appx4039-40.)

On April 6, 2016, the district court issued a final order granting Halo's motion, whereby it awarded Halo prejudgment interest at the rate directed under the Nevada state statute, with annual compounding. (Appx1-2.) Halo never requested the Federal Circuit to take interlocutory jurisdiction over the original appeals under Section 1292, nor did the Federal Circuit ever exercise such jurisdiction when it issued its opinion. Nevertheless, the district court appears to have accepted Halo's misstatement about Section 1292(c) jurisdiction when it chose to entertain Halo's belated prejudgment interest motion. By applying Section 1292(c)(2) (for interlocutory appeals) rather than Section 1295(a)(1) (for appeals from a final judgment), the district court erred by misapplying the governing federal jurisdictional statute when deciding the issue of whether Halo's belated request for prejudgment interest was time-barred under Rule 59(e).

**B. The Prior Proceedings.**

The case below began on March 15, 2007, when Halo filed its original Complaint for patent infringement in the district court. (Appx4092-165.) On July 27, 2007, Halo filed an Amended Complaint alleging that Pulse had infringed several of Halo's patents. (Appx2982-3056.)

A trial in the case was held between November 6, 2012 and November 26, 2012. (Appx140-2981.) On November 26, 2012, the jury returned a verdict finding that Pulse had infringed three of Halo's patents and that the asserted claims

of these patents were not invalid as obvious. (Appx89-99.) Finding 4.5% to be a reasonable royalty, the jury awarded damages of $1.5 million to Halo. (Appx99.) On May 28, 2013, the Court entered an order setting forth its findings of fact and conclusions of law "on the legal and equitable claims and defenses remaining after trial" and entered a judgment based on the jury's verdict. (Appx3057; Appx4181-206.)

On June 25, 2013, Halo filed a timely notice of appeal to this Court under 28 U.S.C. § 1295, indicating that Halo wished to appeal, *inter alia*, the finding that Pulse's infringement of Halo's patents was not willful and the ruling that certain sales activity of Pulse outside of the United States did not constitute direct infringement. (Appx3074-76.)

On September 16, 2013, Pulse filed a timely notice of appeal to this Court under 28 U.S.C. § 1295, indicating that it wished to appeal, *inter alia*, the finding that Halo's patents were not invalid as obvious and certain of the district court's claim construction rulings. (Appx3092-95.)

Halo's appeal to this Court proceeded under Fed. Cir. Case No. 2013-1472, where Halo limited its appeal to the issues in Halo's notice of appeal identified above. Pulse's cross-appeal to this Court proceeded under Fed. Cir. Case No. 2013-1656, where Pulse limited its appeal to the issues in Pulse's notice of appeal identified above. The appeal and cross-appeal were consolidated for briefing and

oral argument. In their Docketing Statements and briefs, both parties indicated that the Federal Circuit had jurisdiction over the appeal and cross-appeal under 28 U.S.C. 1295. (Appx5001-02; Appx5005-06; Appx5017; Appx5195.)

On October 22, 2014, this Court issued its Judgment and Opinion, recognizing its jurisdiction under 28 U.S.C. § 1295(a)(1) and affirming the district court in all respects. (Appx5473; Appx5465-93.)

On June 9, 2015, Halo filed its Motion in the district court. (Appx3902-37.) In that motion, Halo sought, *inter alia*, an award of prejudgment interest on the damages awarded in the judgment, with interest to be calculated at the interest rate directed in a Nevada state statute – Nev. Rev. Stat. Ann. § 17.130(2). (Appx3911-13.) On April 6, 2016, the district court issued a final order granting the motion, whereby it awarded Halo prejudgment interest at the rate directed under the Nevada state statute, with annual compounding. (Appx1-2.) This appeal followed.

## IV. SUMMARY OF THE ARGUMENT

The district court committed legal error by granting Halo's time-barred request for prejudgment interest, in clear disregard of Federal Rules of Civil Procedure 6(b) and 59(e) and the well-settled case law governing their interpretation.

It is not disputed that the district court issued a final judgment in the underlying patent infringement action on May 28, 2013. It is also undisputed that

Halo did not request an award of prejudgment interest at the time of the trial. Nor is it disputed that Halo did not file a Rule 59(e) motion to request prejudgment interest within 28 days of the issuance of the final judgment in the district court action, by June 25, 2013. Halo apparently discovered its error and filed its Motion on June 9, 2015 – more than two years after the entry of the final judgment. The proper application of Federal Rules of Civil Procedure 6(b) and 59(e) should have barred Halo's request for prejudgment interest as untimely. By granting Halo's request, in disregard of applicable rules and case law, the district court committed an error of law.

In granting Halo's request for prejudgment interest, the district court apparently accepted Halo's false representation about the basis of the earlier appeals to this Court. It is not disputed that the parties filed appeals to this Court under 28 U.S.C. § 1295(a)(1), a statute that defines the appellate jurisdiction of the Federal Circuit over appeals from a final judgment. Both parties repeatedly and explicitly identified that statute as the basis for jurisdiction, as did this Court in accepting jurisdiction and rendering its opinions on appeal. Nevertheless, in support of its Motion, Halo argued to the district court – and the district court appeared to agree – that Halo's appeal was intended to be brought not under Section 1295, but under Section 1292(c)(2), a patent-specific exception to the final judgment rule that allows the Federal Circuit to have interlocutory jurisdiction in a

patent case that is final "except for an accounting." Halo's argument greatly misrepresents the history of the underlying case, where the determination of damages ("accounting") had never been bifurcated from the determination of liability.

It appears that the district court accepted Halo's misrepresentation by "forgiving" Halo's error regarding citation of the governing federal appeals statute, and it afforded Halo an opportunity for a belated "accounting." In making his ruling, the district court effectively treated the final judgment issued in May 2013 as if it were an interlocutory judgment of liability pending a determination of damages ("an accounting") several years later. This is a clear legal error through misapplication of the governing rules and statutes.

The district court had no discretion to grant Halo's motion for prejudgment interest, which was untimely. Moreover, Halo had otherwise waived any right to an award of prejudgment interest. Accordingly, the district court committed legal error in granting Halo's Motion. Even if Halo had preserved its right to prejudgment interest (which it did not), the district court abused its discretion by improperly applying a Nevada state statute to determine the interest rate to be used in its calculation of prejudgment interest, and by incorrectly compounding the interest used in that calculation. For these reasons, the district court's grant of Halo's request for prejudgment interest should be reversed.

# V. ARGUMENT

## A. Standard of Review

Questions of law are reviewed under a non-deferential, *de novo* standard. *Koyo Seiko Co. v. United States*, 36 F.3d 1565, 1570 (Fed. Cir. 1994). Issues regarding the proper application of a statute are questions of law. *Frederick v. Department of Justice*, 73 F.3d 349, 351-52 (Fed. Cir. 1996) ("Interpretation of a statute is a question of law that we review *de novo*."). Accordingly, the issue of whether Halo preserved its right to prejudgment interest under an applicable statute is a question of law subject to *de novo* review.

The Court of Appeals for the Federal Circuit applies the law of the applicable regional circuit when addressing procedural issues outside of the areas that are uniquely assigned to the Federal Circuit. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010) ("To review damages in patent cases, we apply regional circuit law to procedural issues and Federal Circuit law to substantive and procedural issues 'pertaining to patent law.'"); *National Presto Industries, Inc., v. West Bend Co.*, 76 F.3d 1185, 1188 n.2 (Fed. Cir. 1996) ("On procedural matters not unique to the areas that are exclusively assigned to the Federal Circuit, the law of the regional circuit shall be applied.").

The issue of the proper application of 28 U.S.C. §§ 1292 and 1295, dealing with the jurisdiction of the Federal Circuit in patent cases, is a procedural matter

where Federal Circuit law is applied. *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1349 (Fed. Cir. 2003).

The Federal Circuit generally reviews the application of the Federal Rules of Civil Procedure, which are not unique to patent cases, by applying the law of the regional circuit. *Trilogy Commc'ns., Inc. v. Times Fiber Commc'ns., Inc.*, 109 F.3d 739, 744 (Fed. Cir. 1997). Accordingly, here, this Court should apply the laws of the regional circuit when considering the proper application of Federal Rules of Civil Procedure 6, 59, and 60.

The award of prejudgment interest is not unique to patent cases, so the Federal Circuit looks to the law of the regional circuit for guidance. *See, e.g., Transmatic, Inc. v. Gulton Industries, Inc.*, 180 F.3d 1343, 1348 (Fed. Cir. 1999) (applying regional circuit law to determination of prejudgment interest and date of accrual).

In this case, the district court action was brought in the U.S. District Court for the District of Nevada, so the applicable regional circuit whose laws should be applied where appropriate is the U.S. Court of Appeals for the Ninth Circuit.

Assuming that a party has properly preserved its right to prejudgment interest, an award of prejudgment interest by a district court is reviewed by a court of appeals for abuse of discretion. *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S. Ct. 2058, 76 L. Ed. 2d 211 (1983) ("[A] decision to award

prejudgment interest will only be set aside if it constitutes an abuse of discretion."); *DDR Holdings, LLC v. Hotels.com, LP*, 773 F.3d 1245, 1262 (Fed. Cir. 2014) ("We review the district court's award of prejudgment interest for an abuse of discretion.").

### B. The District Court Committed Legal Error By Considering and Granting Halo's Untimely Request for An Award of Prejudgment Interest.

#### 1. After the Final Judgment Was Entered, Halo Missed the Deadline to Seek Prejudgment Interest under Fed. R. Civ. P. 59(e).

The district court entered a final judgment in this case on all issues of liability and damages on May 28, 2013. Halo failed to properly request prejudgment interest by filing a timely Fed. R. Civ. P. 59(e) motion after the judgment was entered. Accordingly, Halo's belated request for prejudgment interest was time-barred under the Federal Rules of Civil Procedure and case law applying the Rules.

A post-judgment motion for discretionary prejudgment interest must be filed within 28 days of the entry of judgment as required by Federal Rule of Civil Procedure 59(e). FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *McCalla v. Royal MacCabees Life Ins.*, 369 F.3d 1128 (9th Cir. 2004) (stating that "[w]e conclude that if federal law determines the deadline for the filing of a postjudgment motion for prejudgment interest, Rule 59(e), not Rule 60(a), is the

applicable Federal Rule"); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) ("a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)"); *Jurgens v. McKasy*, 905 F.2d 382, 385 (Fed. Cir. 1990) (same).[2]

The District of Nevada has acknowledged that Rule 59(e) is the applicable rule under which a motion should be filed to amend a judgment to include prejudgment interest. *See Ramparts, Inc. v. Fireman's Fund Insurance Company*, Case No. 2:09-cv-00371-RLH-LRL, 2011 WL 3667506, at *3 (D. Nev. Aug. 22, 2011) (citations omitted):

> "Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment." A party may use a Rule 59(e) motion to request that a court amend a judgment to include prejudgment interest. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Other courts in the Ninth Circuit have also held that the proper mechanism to request prejudgment interest after judgment has already been entered is to file a timely motion to alter or amend the judgment in accordance with Fed. R. Civ. P. 59(e). *See, e.g.*, *FujiFilm Corp. v. Motorola Mobility LLC*, Case No. 12-cv-

---

[2] While the award of prejudgment interest in this case is discretionary, the same result – application of Rule 59(e) to a request for prejudgment interest – would occur if the award of prejudgment interest were considered non-discretionary. *See Osterneck*, 489 U.S. at 176 n.3 (1989).

03587-WHO, 2016 WL 1622877, at **21-22 (N.D. Cal. Apr. 25, 2016) (granting a timely motion under Fed. R. Civ. P. 59(e) for an award of prejudgment interest); *O2 Micro Intern. Ltd. v. Monolithic Power Sys.*, 420 F. Supp. 2d 1070, 1077 (N.D. Cal. 2006) (same); *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1038-39 (N.D. Cal. 2011) (reasoning that a motion requesting an award of prejudgment interest, even if it does not refer to Fed. R. Civ. 59(e) or identify itself as a motion to alter or amend the judgment, must still be filed within the 28-day timeframe specified under Fed. R. Civ. P. 59(e) to be timely and preserve to right to an award of prejudgment interest).

In this case, the Court's final judgment of May 28, 2013 awarded damages without any award of prejudgment interest. (Appx3057.) Accordingly, a motion for prejudgment interest was due on June 25, 2013. FED. R. CIV. P. 59(e). Until Halo's Motion was filed on June 9, 2015, Halo made no request, demand, or motion to the Court seeking prejudgment interest. Halo's attempt to amend the judgment to include prejudgment interest in June 2015, <u>over two years after entry of judgment</u>, was untimely and should have been denied. *See McCalla*, 369 F.3d at 1129 ("Here, the district court granted Vincent McCalla's post-judgment motion for prejudgment interest although the motion was made nearly three years after judgment was entered. We reverse the order granting prejudgment interest.").

#### 2. Halo Has Not Shown That Fed. R. Civ. P. 60 Applies In This Case to Permit An Award of Prejudgment Interest.

Aside from its failure to meet the requirements of Rule 59(e), Halo suggested no "clerical mistakes, oversights, or omissions" that could warrant treatment of its request under Rule 60(a). *See* FED. R. CIV. P. 60(a). Halo also offered none of the reasons (*e.g.*, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct) permitting treatment under Rule 60(b). *See* FED. R. CIV. P. 60(b). In any event, several of the provisions under Rule 60(b) impose a one-year deadline to seek relief from a judgment, so Halo's request would have been untimely under those provisions, too. *See id*.

#### 3. The District Court's Award of Prejudgment Interest to Halo, By Promoting Multiple Appeals, Was Prejudicial to Pulse.

The district court's award of prejudgment interest at the belated stage of the case was highly prejudicial to Pulse and continues to be so. Prejudgment interest is an award that is not purely administrative, but is instead subject to appeal and appellate court review. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) ("The district court's award of prejudgment interest must also be reversed."). By delaying until after the judgment in the case had already been appealed, Halo prejudiced Pulse by depriving it the ability to seek appellate review on any prejudgment interest awarded by the district court in an efficient manner

with the other issues previously addressed on appeal. *See McCalla*, 369 F.3d at 1133 ("Rule 60(a) pertains to 'clerical mistakes,' which by definition should not generate appeals. By contrast, Rule 59(e), when applied with 'operational consistency,' *Osterneck*, 489 U.S. at 177 n.3, will ensure that any appeal will be filed at the appropriate time – here, three years ago – so this court can hear one appeal rather than two."). The Ninth Circuit distinguished the situation in *McCalla* from other cases applying Rule 60(a), where the language of the judgment awarded prejudgment interest as required by law, but left the actual calculations for later. *McCalla*, 369 F.3d at 1133. In *McCalla*, the judgment was silent and did not include any provision for a prejudgment interest award. The judgment therefore became final absent a timely filed Rule 59(e) motion.

So too here, the judgment became final against Halo without a Rule 59(e) motion having been filed. Nevertheless, Halo filed a belated motion for an award of prejudgment interest. Accordingly, Halo's delay in moving for prejudgment interest created the risk of duplicative appeals, which has prejudiced Pulse. That risk was realized, as multiple appeals have now been filed in this case, subjecting Pulse to unwarranted piecemeal appellate practice.

#### 4. The District Court Committed Legal Error Since It Lacked Any Discretion to Consider Halo's Untimely Request for Prejudgment Interest.

As shown above, Halo's motion seeking an award of prejudgment interest should have been treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). As such, it was required to be filed within 28 days of the entry of judgment. The district court had no discretion to extend that deadline. See FED. R. CIV. P. 6(b) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). Moreover, there was no basis for the district court to treat Halo's motion as a motion under Rule 60, as discussed above. Accordingly, the district court committed legal error in considering and granting Halo's request for an award of prejudgment interest.

### C. The District Court Committed Legal Error in Ignoring the History and Posture of the Case to Grant Halo's Request for Prejudgment Interest.

#### 1. Halo Expressly Waived Its Right to Seek Prejudgment Interest When It Pursued An Award of Costs, But Not Prejudgment Interest, Shortly After Trial.

The Patent Statute allows for the award of interests and costs to a prevailing plaintiff. Specifically, 35 U.S.C. § 284, states in relevant part that: "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

In this case, however, Halo only sought costs – and not interest – within the deadline for doing so after the final judgment was entered by the district court. Halo offers no compelling reason why it chose to seek costs but not interest. Halo filed a Bill of Costs (Appx4207-09) on June 11, 2013, which was approved in part by the district court and taxed on September 12, 2013. (Appx4389-92.) If Halo was relying on a possible reversal on appeal as the basis for not seeking prejudgment interest on the damages awarded by the district court, that does not explain why the same concern for a reversal did not prevent Halo from seeking an award of costs. In any event, Halo did not seek an award of prejudgment interest in a timely fashion, so its request for such an award should not have been considered.

### 2. Halo Brought Its Appeal as an Appeal from a Final Judgment, Without Mentioning Any Need for an Accounting; This Court Accepted Jurisdiction Over an Appeal from a Final Judgment.

In its initial appeal (Fed. Cir. No. 2013-1472), Halo did not preserve its right to an award of prejudgment interest. In fact, Halo repeatedly represented to this Court that it was seeking an appeal from a final judgment and not that it was seeking an interlocutory appeal with an accounting to be conducted later. *See, e.g.*, Halo's September 26, 2013 Docketing Statement (indicating by a checkmark that the "Nature of judgment" at the district court is a "Final Judgment, 28 USC 1295." (Appx5001-02). Notably, the docketing statement form used by Halo – Federal

Circuit Form 26 – includes the option to select "Interlocutory Order" and "Other," but Halo did not select either of these options. (*Id.*)

Moreover, Halo's initial representation that Section 1295 was the basis for this Court's jurisdiction over its appeal was not limited to checking a box on a form. Halo made an affirmative and unequivocal statement in its opening brief that Section 1295 – and, more specifically, Subsection 1295(a)(1) – was the applicable basis for jurisdiction. *See* Halo's December 20, 2013 Opening Brief (stating that "This Court thus has jurisdiction over the appeal and the cross-appeal pursuant to 28 U.S.C. § 1295(a)(1)." (Appx5017)).[3] Section 1295(a)(1) states:

> The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States, the District Court of Guam, the District Court of the Virgin Islands, or the District Court of the Northern Mariana Islands, in any civil action arising under, or in any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents or plant variety protection.

28 U.S.C. § 1295(a)(1) (emphasis added).

[3] Pulse filed a cross-appeal in this Court (Fed. Cir. No. 2013-1656), during which Pulse also recognized the finality of the district court's May 28, 2013 judgment. Accordingly, Pulse also indicated that the nature of the judgment was a final judgment under Section 1295 and that "This Court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1)." Pulse's October 1, 2013 Docketing Statement (Appx5005-06); Pulse's March 4, 2014 Opening and Response Brief (Appx5195).

### 3. Only After Its Appeal Was Complete, and Halo Was Seeking Prejudgment Interest in the District Court, Did Halo Falsely Claim That Its Appeal Had Been From An Interlocutory Judgment.

Faced with overwhelming case law showing that Halo's request for prejudgment interest was time-barred, Halo made a last-ditch effort to reclaim the right to an award of prejudgment interest: Halo falsely represented in its July 6, 2015 reply brief that Halo had appealed to the Federal Circuit pursuant to 28 U.S.C. § 1292(c)(2) – dealing with interlocutory decisions – and that damages including prejudgment interest were still to be determined. (Appx3963-66.) Absent from that reply brief was any mention of the fact that Halo had actually appealed to the Federal Circuit from a final judgment under the final judgment jurisdiction statute – Section 1295 – and that the Federal Circuit asserted Section 1295 as the basis of its ruling.

When confronted with its misrepresentation at the October 13,2015 hearing on Halo's Motion, Halo's counsel characterized its error as nothing more than an oversight and repeated the assertion about Section 1292 from its reply brief, stating:

> [I]n our papers to the [F]ederal [C]ircuit we mention 1295. That was an oversight on my part. We should have said it was 1292(c)(2) and as we were looking back at this motion, we thought about it and realized that, in fact, it should have been 1292(c)(2).

(Appx4039.)

Section 1292 is entitled "Interlocutory decisions," and its subsection (c)(2) states:

> The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

28 U.S.C. § 1292(c)(2) (emphasis added).

However, neither of the parties filed its respective appeal to this Court under Section 1292, instead filing the appeals (Fed. Cir. Case Nos. 2013-1472 and 2013-1656) under Section 1295, as noted above. So too, this Court accepted jurisdiction under Section 1295 and rendered its October 22, 2014 Opinion and Judgment under that statute, noting "We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1)." (Appx5473.)

Nevertheless, Halo's counsel argued at the hearing on Halo's Motion that:

> [T]he fact that, you know, we said 1295 in our papers versus 1292(c)(2) doesn't change the fact that the [F]ederal [C]ircuit did have jurisdiction under 1292(c)(2) and it properly exercised jurisdiction under that section. And, you know, no one was really disputing jurisdiction to the Court of Appeals so the issue wasn't really joined, but to the extent there's any confusion, it's my fault and we apologize for it.

(Appx4039-40.) Contrast this statement with the statement made nearly two years before in Halo's opening appeal brief, where Halo unequivocally stated: "This

Court . . . has jurisdiction over the appeal and the cross-appeal pursuant to 28 U.S.C. § 1295(a)(1)." (Appx5017).

Halo's belated assertions regarding Section 1292 are unsupported and incorrect. First, this Court already acknowledged that it had jurisdiction over the appeal not under Section 1292, but under Section 1295, as noted above.

Second, the fact that there was no dispute between the parties as to jurisdiction over the appeal does not mean that jurisdiction can be presumed, or that jurisdiction can be presumed to lie under a statute that Halo never previously cited to the Court as a basis for jurisdiction. Importantly, the parties had previously agreed that jurisdiction over the appeals was based on Section 1295(a)(1). Moreover, as this Court held in *Nystrom*, 339 F.3d at 1349-50 (citations omitted):

> "[E]very federal appellate court has a special obligation to satisfy itself ... of its own jurisdiction ... even though the parties are prepared to concede it." Thus, even though the parties raised no objection to our jurisdiction over this appeal, we are obligated to consider whether there is a final judgment of the district court, 28 U.S.C. § 1295(a)(1), or a basis for jurisdiction over an interlocutory order, 28 U.S.C. § 1292(c).

Here, this Court did just that and considered the basis for its jurisdiction, correctly concluding – in agreement with the basis for jurisdiction then unequivocally asserted by both parties – that jurisdiction was based on Section 1295(a)(1), not Section 1292(c)(2).

Third, this Court has made clear that Halo's belated resort to Section 1292(c)(2) for jurisdiction in its earlier appeal would have been improper. In interpreting Section 1292(c)(2), this Court has held that "It has been the law of this court for at least twenty-five years that an 'accounting' under § 1292 includes a trial for the determination of damages under § 284." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1316 (Fed. Cir. 2013) (*en banc*). As the Court further explained, "[T]he statute, its history and policy as well as settled case law indicate—and we now hold—that § 1292(c)(2) confers jurisdiction on this court to entertain appeals from patent infringement liability determinations when a trial on damages has not yet occurred." *Id.* at 1317 (emphasis added). The Court also noted that, "[W]e hold that § 1292(c)(2) confers jurisdiction on this court to entertain appeals from patent infringement liability determinations when willfulness issues are outstanding and remain undecided." *Id.* at 1319 (emphasis added). *See also Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1337 (Fed. Cir. 2009) (reasoning that the Court has jurisdiction under § 1292(c)(1) and (2) when willfulness and damages determinations remain pending in district court); *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988) ("Hence it is clear that the purpose of the legislation, § 1292(c)(2), allowing interlocutory appeals in patent cases was to permit a stay of a damages trial.").

In this case, a trial on all issues of liability and on damages had already occurred when the May 28, 2013 judgment was entered. Accordingly, Halo had already had an accounting through the original trial before the district court, with a jury verdict and judgment ascertaining its damages. Halo acknowledged that any award of prejudgment interest was to be determined at trial, stating in the Joint Pre-Trial Order that "[t]he following are the issues of fact to be tried and determined upon trial: . . . 9. The amount of prejudgment interest for any damages award." (Appx4169-70.) However, Halo did not seek prejudgment interest at trial, or through a timely motion upon issuance of the final judgment. Instead, Halo appealed the final judgment of the district court to this Court under Section 1295. If it were dissatisfied with the damages awarded and it wished to be awarded prejudgment interest, Halo should have filed a Rule 59(e) motion to alter or amend that judgment within 28 days of its entry. Halo failed to do so and offered no compelling excuse for that failure. Instead, Halo waited more than two years – 742 days to be precise – to seek prejudgment interest. Accordingly, there was no proper basis for the district court to award Halo prejudgment interest. The district court committed legal error with its award.

#### 4. The District Court Committed Legal Error by Treating Its Final Judgment As If It Were an Interlocutory Judgment to Award Halo Prejudgment Interest.

It appears that the district court accepted Halo's misrepresentation that its appeal was brought under Section 1292(c)(2) (from an interlocutory judgment) rather than under Section 1295(a)(1) (from a final judgment). As shown above, the basis for this Court's jurisdiction over the prior appeals was clearly Section 1295(a)(1).

By treating the appeal as if it were brought under Section 1292(c)(2), the district court failed to acknowledge that, in the case below, the determination of damages ("accounting") had never been bifurcated from the determination of liability. As such, there had been a full accounting of damages through the trial, and no prejudgment interest was awarded. However, in granting Halo's belated motion for prejudgment interest, the district court effectively treated the final judgment issued in May 2013 as if it were an interlocutory judgment of liability pending a determination of damages ("an accounting") several years later. This is a clear legal error and a basis for reversal.

### D. If Halo Is Awarded Prejudgment Interest, The Court Should Correct the Manner of Calculation of Such Interest.

Because Halo's request for prejudgment interest was untimely, and the district court had no discretion to grant it, that request should have been denied. However, the district court improperly granted Halo's request for prejudgment

interest, and magnified that error by (1) using a Nevada state statute – Nev. Rev. Stat. § 17.130 – to ascertain the interest rate to be used, and (2) annually compounding the interest using that statute.

#### 1. The Nevada State Statute is Not the Proper Statute to Apply In This Case.

The 9th Circuit has held that:

> "Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest." Consequently, prejudgment interest is often calculated at the same rate as postjudgment interest.

*Van Asdale v. Int'l Game Tech.*, 763 F.3d 1089, 1093 (9th Cir. 2014) (quoting *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007)). Halo offered no compelling reason to award any other interest rate than that prescribed under Section 1961. Notably, Halo has cited no case in which the Nevada statute has been applied previously to award prejudgment interest in a patent infringement case. Instead of applying the Nevada statute, the Court should apply Section 1961 to determine the appropriate interest rate to be used to calculate prejudgment interest.

#### 2. The Nevada State Statute is Not Meant to Be Used with Compounded Interest.

In this case, the district court awarded Halo prejudgment interest at the rate set forth under Nev. Rev. Stat. § 17.130, compounded annually. (Appx1.) Even if

Halo were entitled to prejudgment interest (which it is not) and even if the Nevada statute were the proper statute to apply (which it is not), the Nevada statute is not intended to be used with compounding. Instead, simple interest should be used. For example, in applying Nev. Rev. Stat. § 17.130(2), the Supreme Court of Nevada held in *Torres v. Goodyear Tire & Rubber Co.*, 317 P.3d 828, 829 (2014) (citation omitted):

> "As a general rule, compound interest is not favored by the law and is generally allowed only in the presence of a statute or an agreement between the parties allowing for compound interest." NRS 17.130(2), the statute that provides a default interest rate for judgments, directs that the interest rate will be adjusted biannually, although the statute does not authorize compound interest. Because it does not authorize compound interest, NRS 17.130(2) only allows for the award of simple interest on judgments.

This Court has held that simple interest is appropriate with an award of prejudgment interest. *Rite Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995) (*en banc*), cert. denied, 516 U.S. 867 (1995) (noting that the district court did not abuse its discretion in awarding prejudgment interest at a simple rather than a compound rate); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557 (Fed. Cir. 1984) (reasoning that prejudgment interest may be awarded at a simple rate rather than a compound rate). Accordingly, if the Nevada state statute is used to identify the interest rate to calculate prejudgment interest in this case, it should be calculated as simple interest, without compounding.

### E. Because the District Court's Order Contains No Reasoning for the Grant of Halo's Motion, This Court Should, At a Minimum, Vacate and Remand.

Although, as shown above, the district court's errors are apparent in contradicting the Federal Rules of Civil Procedure and a consistent body of case law, and Pulse accordingly urges this Court to reverse the district court's decision regarding the award of prejudgment interest, Pulse recognizes that the district court provided no reasoning for its decision. For that reason alone, if the Court does not reverse, it should at least vacate and remand the district court's decision in the Order and require the district court to provide substantive reasons for any subsequent decision regarding Halo's Motion.

This Court has consistently held that the decisions rendered below should be clear in their reasoning. If they are not, this Court has deemed it appropriate to vacate and remand, with instructions to provide sufficient reasoning for a decision. *See, e.g., Charles G. Williams Const., Inc. v. White*, 271 F.3d 1055, 1060 (Fed. Cir. 2001) (addressing the Armed Services Board of Contract Appeals' denial of a claim for damages, and reasoning that "[b]ecause the Board did not adequately explain the reasons for its decision, we vacate and remand."); *Letenyei v. Dept. of Transp., FAA*, 735 F.2d 528, 533 (Fed. Cir. 1984):

> [W]e conclude that instead of reversing the Board's decision outright, we should vacate it and remand to the Board for reconsideration in light of this opinion. Upon the remand, the Board may make any determination it

> believes is justified on the basis of the record before it, but it must adequately explain the reasons for its decision. If the Board again rejects the decision of the presiding official, it must fully state the grounds for doing so. If the Board concludes that additional evidence is required before it decides the case, it may remand to the presiding official to reopen the record.

*See also McKeague v. United States*, 788 F.2d 755, 758 (Fed. Cir. 1986) (citations omitted):

> In short, the Claims Court failed to address a major issue in this case and to explain the reasons for its decision. The court's opinion does not adequately set forth the reasons for its conclusion, and we cannot determine whether its decision is correct. "We must know what a decision means before the duty becomes ours to say whether it is right or wrong."
>
> We therefore must remand the case to the Claims Court for it adequately to explain the reasons for its decision. That explanation must include a discussion of the issues we have dealt with in this opinion.

In this case, the district court's Order (Appx1-2) includes little more than a conclusion, without providing any reasoning for that conclusion. Accordingly, if the Court does not reverse the Order, it should vacate and remand and require the district court to provide its reasons for any subsequent decision regarding Halo's request for an award of prejudgment interest.

## VI. CONCLUSION AND STATEMENT OF RELIEF SOUGHT

Halo waived any right to an award of prejudgment interest in this case. Halo's request for prejudgment interest missed the deadline for filing a request to

alter or amend the final judgment under Fed. R. Civ. P. 59(e), and Halo offers no alternative basis under which the district court can properly consider that request. As such, the district court had no discretion to grant Halo's belated request. Accordingly, the district court committed legal error in awarding Halo prejudgment interest. The district court committed further error and an abuse of discretion in applying a Nevada state statute to set the interest rate for prejudgment interest and in requiring compounding of the interest in calculating the prejudgment interest.

In view of the facts and arguments discussed above, the Court should reverse the district court's grant of Halo's Motion and should deny any award to Halo of prejudgment interest.

Respectfully submitted,

/s/ Mark L. Hogge
Mark L. Hogge
Shailendra K. Maheshwari
Rajesh C. Noronha
Nicholas H. Jackson
Dentons US LLP
1900 K Street, NW
Washington, D.C. 20006-1102
Tel: (202) 496-7500
Fax: (202) 496-7756

*Counsel for Defendants-Appellants Pulse Electronics, Inc. and Pulse Electronics Corporation*

# **ADDENDUM**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

HALO ELECTRONICS, INC.,

Plaintiff,

v.

PULSE ELECTRONICS, INC. and PULSE ELECTRONICS, CORP.,

Defendants.

Case No. 2:07-cv-00331-APG-PAL

**ORDER ON MOTION FOR ACCOUNTING**

(Dkt. #575, #582)

Plaintiff Halo Electronics, Inc. filed a motion for an accounting of supplemental damages and interest. (Dkt. #575, #582.) After reviewing the papers and considering the arguments of counsel at the hearing on the motion, I find good cause to grant the motion.

Within 30 days of entry of this Order, the defendants shall produce to Halo their worldwide financial data that Halo can use to assess supplemental inducement damages for the period June 2012 through October 2013.

I award Halo $388,043 in supplemental damages for Pulse's direct infringement from June 2012 through October 2013. There is no reason to delay payment of that amount while awaiting a decision from the Supreme Court of the United States on the issue it agreed to hear.

I award Halo pre-judgment interest at the rate set forth in Nev. Rev. Stat. § 17.130, compounded annually, through May 28, 2013. I also award Halo post-judgment interest from May 28, 2013 to present at the rate set forth in 28 U.SC. § 1961. Halo calculated the total pre- and post-judgment interest amount on the existing judgment and the supplemental damages for direct infringement to be $567,886.00 as of June 9, 2015. Halo shall prepare an updated calculation of that amount through the date of this Order and provide that calculation to the defendants by April 20, 2016. If the parties agree on that calculation, they shall submit a stipulation to that effect. If they disagree on the calculation, each side shall file a brief (not to

exceed four pages) explaining their respective positions. The stipulation or briefs are due by April 27, 2016.

DATED this 6th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on July 5, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES
P.O. Box 1460
Richmond, VA 23218
(804) 249-7770
shelly@gibsonmoore.net

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 7,148 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated July 5, 2016

/s/ Mark L. Hogge
Mark L. Hogge